STATE OF NORTH CAROLINA
v.
STEVEN LLOYD CONN
No. COA09-257.
Court of Appeals of North Carolina
Filed December 22, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Katherine A. Murphy, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
CALABRIA, Judge.
Steven Lloyd Conn ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of failure to secure potentially dangerous dogs. We find no error.
On 21 May 2007, Brenda Miller ("Ms. Miller") of Henderson County Animal Services ("Animal Services") visited defendant's residence in Hendersonville, North Carolina. Ms. Miller had received complaints that defendant's dogs were "running loose off the property and being aggressive." Ms. Miller served defendant with three "potentially dangerous dog notice[s]" and advised defendant that the dogs needed to be confined within his residence, or be on a leash and muzzle when not confined. Defendant signed an acknowledgment indicating that he understood the requirements.
Lisa Ann Dennick ("Ms. Dennick") was one of defendant's neighbors. Ms. Dennick had previously called Animal Services regarding defendant's dogs. On 8 July 2007, Ms. Dennick was on her porch when she saw her neighbor, Larry Stocker ("Stocker"), walking towards his home. Stocker was blind and walked with the assistance of his seeing-eye dog. As Stocker was coming up the road, Ms. Dennick saw defendant's dogs running down past her house towards Stocker. Ms. Dennick called to her domestic partner for help and ran down the driveway towards Stocker. Ms. Dennick did not see any leashes on the dogs, and they were not muzzled. Ms. Dennick saw one of the dogs make contact with Stocker's dog, and Stocker's dog suffered a puncture wound on his side. When Ms. Dennick got to Stocker, the dogs ran away. About five minutes later, while Ms. Dennick was still with Stocker, she observed defendant coming from the direction of his home. Defendant then secured his two dogs and took them back to his residence. Sometime later that evening, Ms. Dennick saw the defendant's wife gather the dogs and leave with them in her van.
Kenneth Johnson ("Johnson") of Animal Services responded to the complaint that defendant's dogs "were running loose, aggressive, and charging neighbors." Johnson arrived at the defendant's residence and asked the defendant where his dogs were. Defendant stated that his wife had taken the dogs, and he did not know where she had taken them. Johnson informed defendant about the complaint. Defendant stated in response that "two dogs got loose while transferring them from the house to the kennel and that shortly thereafter he had taken control of them and gotten a hold of them."
On 9 July 2007, a warrant was issued charging defendant with violation of Henderson County Ordinance § 66A-10E(1), in that he "did fail to secure the three dogs deemed potentially dangerous by animal services in a secured lot or within the owner[']s home." On 29 August 2007, defendant was convicted in Henderson County District Court and fined $50.00. Defendant appealed his conviction to the superior court.
Defendant was tried de novo beginning on 22 July 2008 in Henderson County Superior Court. On 23 July 2008, the jury returned a verdict of guilty to violating Henderson County Ordinance § 66A-10E(1), failure to secure potentially dangerous dogs. Defendant was ordered to pay a $50 fine and $254.40 in court costs. Defendant appeals.
Defendant's sole argument on appeal is there was insufficient evidence to sustain his conviction. Specifically, defendant asserts that the State failed to present evidence that he "personally allowed the dogs to be uncontrolled and without muzzles while outside." We disagree.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997)(citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Id. at 717, 483 S.E.2d at 434. When reviewing the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Patterson, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994)(citation omitted). "[I]f there is substantial evidence  whether direct, circumstantial, or both  to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." State v. Abshire, ___ N.C. ___, ___, 677 S.E.2d 444, 449 (2009) (citation omitted).
In the instant case, the State presented evidence that defendant gained control of his dogs shortly after they attacked Stocker's seeing-eye dog. Additionally, a short time later, upon questioning from Animal Services, defendant demonstrated that he had direct knowledge of the precise circumstances by which the dogs got loose. Defendant's immediate response to the dogs getting loose, along with his precise knowledge of how they got loose, supports the reasonable inference that the dogs got loose from his personal control. Therefore, we hold the trial court did not err by denying the motion to dismiss for insufficiency of the evidence. Accordingly, we find no error.
No error.
Judges WYNN and STROUD concur.
Report per Rule 30(e).